United States District Court
Southern District of Texas
**ENTERED**
August 11, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ANTONIO RODRIGUEZ-RAMIREZ, § <br> Movant, § <br> § <br> v. § <br> § <br> UNITED STATES OF AMERICA, § <br> Respondent. § | Case No. 1:16-cv-00126 <br> (Criminal No. 1:14-cr-00605-1) |

# MAGISTRATE JUDGE'S
# REPORT AND RECOMMENDATION

The Court is in receipt of Antonio Rodriguez-Ramirez's pro-se "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (hereinafter, Rodriguez-Ramirez's "Motion" or "§ 2255 Motion"). Dkt. No. 1 at 1. For the reasons provided below, Rodriguez-Ramirez's § 2255 Motion lacks merit. Therefore, pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts, it is recommended that Rodriguez-Ramirez's § 2255 Motion be summarily dismissed with prejudice.

## I. Jurisdiction

This Court has jurisdiction over Rodriguez-Ramirez's § 2255 Motion pursuant to 28 U.S.C. §§ 1331 and 2255.

## II. Background and Procedural History

On August 20, 2014, Rodriguez-Ramirez pleaded guilty to being an alien unlawfully found in the United States after deportation, having been previously convicted of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and 1326(b). *See United States of America v. Antonio Rodriguez-Ramirez*, No. 1:14-cr-00605-001, Dkt. No. 25 at 1.[1] On January 7, 2015, Senior United States District Judge Hilda Tagle sentenced Rodriguez-Ramirez to 62 months of imprisonment. *Id.* at 1-2. Judgment was entered on January 22, 2015. *Id.* at 1. Rodriguez-Ramirez did not file a direct appeal. Dkt. No. 1 at 2. Instead, on June 6, 2016, Rodriguez-Ramirez filed his instant § 2255 Motion. Dkt. No. 1 at 12.[2] In his § 2255 Motion, Rodriguez-Ramirez claims that he is entitled to relief pursuant to the ruling announced in *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551 (2015). *Id.* at 4, 11, 13-29. Rodriguez-Ramirez does not raise any additional grounds for relief. *Id.* at 5-8.

## III. Legal Standards

Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct his sentence if: (1) the sentence was imposed in violation of the Constitution

---

[1] Hereinafter, Rodriguez-Ramirez's criminal case entries ("CR Dkt. Nos.") will be referred to only by their docket entry numbers.

[2] Rodriguez-Ramirez indicates that he placed his § 2255 Motion in the prison mailing system on June 6, 2016. Dkt. No. 1 at 12. Accordingly, the Court will consider his Motion filed on that date. *See generally Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (noting that, for statute of limitations purposes, a pro se prisoner's application is filed on the day it is placed in the prison mailing system); *United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992) (applying the mailbox rule to pro se prisoner proceedings under 28 U.S.C. § 2255).

or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The nature of a § 2255 collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

### IV. Discussion

Rodriguez-Ramirez claims that he is entitled to § 2255 relief pursuant to the new rule of law announced in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015). Dkt. No. 1 at 4, 11, 13-29. In *Johnson*, the Supreme Court reviewed the lower court's application of 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), to Samuel James Johnson's sentence. *Johnson*, 135 S. Ct. 2551, 2555. The ACCA requires federal courts to impose a minimum fifteen-year term of imprisonment upon repeat offenders who are convicted of unlawfully possessing a firearm under 18 U.S.C. § 992(g). 18 U.S.C. § 924(e). In relevant part, the ACCA provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from

one another, such person shall be . . . imprisoned not less than fifteen years[.]

18 U.S.C. § 924(e)(1).

The ACCA provides six definitions for the term "violent felony." 18 U.S.C. § 924(e)(2)(B)(i)-(ii). A violent felony is any crime that: (1) "has as an element the use, attempted use, or threatened use of physical force against another person;" (2) constitutes burglary; (3) constitutes arson; (4) constitutes extortion; (5) involves the use of explosives; or (6) "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* "Courts have coined the first definition the 'force clause'; and the sixth definition, the 'residual clause.'" *United States v. Curry*, No. CR 10-111, 2015 WL 8478192, at *1 (E.D. La. Dec. 10, 2015) (citing *United States v. Davis*, 487 F.3d 282, 285 (5th Cir. 2007)).

The Supreme Court in *Johnson* held that imposing an increased sentence under the residual clause of the ACCA is a violation of due process because the clause is unconstitutionally vague. *Johnson*, 135 S. Ct. 2551, 2557 ("[T]he residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law."). The Supreme Court did not reach the issue of whether its ruling would apply retroactively. *Id.* at 2551; *see also Santiago Valdez v. United States*, No. 4:11-CR-065-A, 2015 WL 9593627, at *1 (N.D. Tex. Dec. 31, 2015) (recognizing that the Supreme Court in *Johnson* did not address retroactivity). However, on April 18, 2016, in *Welch v. United States*, the Supreme Court held that the rule in *Johnson* is retroactively applicable. *Welch*, 136 S. Ct. 1257, 1268.

Unfortunately for Rodriguez-Ramirez, *Welch* and *Johnson* do not apply to his case. As noted above, the Supreme Court in *Johnson* reviewed the lower court's application of § 924(e) to Johnson's sentence. *Johnson*, 135 S. Ct. 2551, 2555. In Rodriguez-Ramirez's case, the Court did not sentence him pursuant to § 924(e). In fact, the Court did not apply any enhancement for the use or possession of a firearm when sentencing Rodriguez-Ramirez for his 8 U.S.C. §§ 1326(a) and 1326(b) violations. *See* CR Dkt. No. 17 (Final Presentence Investigation Report) at 5-8; *see* CR Dkt. No. 26 (Statement of Reasons adopting Final Presentence Investigation Report "without change") at 1; CR Dkt. No. 25 (Judgment). Thus, regardless of its retroactive application, the rule in *Johnson* does not provide Rodriguez-Ramirez with a right to § 2255 relief.

Rodriguez-Ramirez additionally contends that the Court wrongfully enhanced his sentence under 18 U.S.C. § 16(b) because § 16(b)'s "crime of violence" definition is unconstitutionally vague under the rationale of *Johnson*. Dkt. No. 1 at 22-28. Rodriguez-Ramirez's understanding of the Court's sentence is incorrect. When sentencing Rodriguez-Ramirez, the Court did not apply 18 U.S.C. § 16(b). *See* CR Dkt. No. 17 at 5-8; CR Dkt. No. 26 at 1; CR Dkt. No. 25.

Rodriguez-Ramirez's Final Presentence Investigation Report ("PSR") assessed a "total offense level of 21" with a "criminal history category of V," suggesting an advisory guideline "range for imprisonment of 70 to 87 months." CR Dkt. No. 17 at 12. In calculating his base offense level and specific offense characteristics, the PSR applied U.S.S.G § 2L1.2(a) and § 2L1.2(b)(1)(A)(vii). In

calculating his criminal history score, the PSR applied U.S.S.G. §§ 4A1.1(a), 4A1.1(c), and 4A1.2(k)(1). CR Dkt. No. 17 at 6-8. The Court adopted the PSR without changes. CR Dkt. No. 26 at 1. The Court then imposed a 62-month term of imprisonment, rather than the longer sentence recommended by the United States Probation Officer who prepared the PSR. *Compare* CR Dkt. No. 25 at 2 (imposing a 62-month sentence), *with* CR Dkt. No. 21 (recommending a sentence of 78 months)).[3]

Sections 2L1.2(a), 2L1.2(b)(1)(A)(vii), 4A1.1(a), 4A1.1(c), and 4A1.2(k)(1) do not contain, or incorporate, any clauses resembling the clause recently found unconstitutional in *Johnson*. *See* U.S.S.G. §§ 2L1.2(a), 2L1.2(b)(1)(A)(vii), 4A1.1(a), 4A1.1(c), and 4A1.2(k)(1). Although Rodriguez-Ramirez contests the "SIXTEEN LEVEL ENHANCEMENT"[4] of his base offense level, this enhancement does not provide him with a basis to formulate a claim under *Johnson*. The Court enhanced Rodriguez-Ramirez's sentence by adding 16 points to his base offense level under U.S.S.G. § 2L1.2(b)(1)(A)(vii), for his previous conviction for "an alien smuggling offense[.]" *See* CR Dkt. No. 17 at 5; CR Dkt. No. 26 at 1; CR Dkt. No. 25. Under U.S.S.G. § 2L1.2(b)(1)(A)(vii), "an alien smuggling offense" is included as an offense which triggers a 16-point sentencing enhancement. *See* U.S.S.G. § 2L1.2(b)(1)(A)(vii). Because Rodriguez-Ramirez's sentence was enhanced as a result of his prior alien smuggling offense conviction, he cannot correctly argue that

---

[3] In imposing the 62-month sentence, the Court sentenced Rodriguez-Ramirez "below the advisory guideline range[.]" CR Dkt. No. 26 at 3.

[4] Dkt. No. 1 at 12 (capitalization in original).

his sentence was enhanced pursuant to an unconstitutionally vague residual clause. As he raises no other grounds for relief, his § 2255 Motion should be summarily dismissed with prejudice for lack of merit.

### V. Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. at 484. Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because

Rodriguez-Ramirez has not made a substantial showing of the denial of a constitutional right.

## VI.  Recommendation

It is recommended that Rodriguez-Ramirez's § 2255 Motion be summarily dismissed with prejudice pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.  Additionally, it is recommended that the Court decline to issue a certificate of appealability.

## VII.  Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 11th day of August, 2016.

_____
Ignacio Torteya, III
United States Magistrate Judge