United States District Court
Southern District of Texas
**ENTERED**
September 06, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ANTONIO RODRIGUEZ-RAMIREZ, § <br> Petitioner, § <br> § <br> v. § <br> § <br> UNITED STATES OF AMERICA, § <br> Respondent. § <br> § | Civil Action No. 1:16-cv-126 <br> (Criminal No. 1:14-cr-605-1) |

### ORDER ADOPTING MAGISTRATE
### JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge's Report and Recommendation (hereafter "R&R") in the above-referenced cause of action, recommending that Rodriguez-Ramirez's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct his sentence be dismissed with prejudice for lack of merit. Docket No. 5. On August 29, 2016, Rodriguez-Ramirez filed an objection to the Magistrate Judge's R&R, arguing that he is entitled to relief under the new rule of law announced in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015) because the sixteen (16) level enhancement he received for a prior "alien smuggling offense" incorporated an unconstitutionally vague residual clause found in 18 U.S.C. § 16(b). Docket No. 8 at 1–2.

Rodriguez-Ramirez also requested that the Court stay his 28 U.S.C. § 2255 motion until a final ruling is reached in *United States v. Gonzalez-Longoria*, No. 15-40041, on rehearing en banc before the Fifth Circuit. *Id.* at 2. At issue in *Gonzalez-Longoria* is whether the "crime of violence" definition provided by 18 U.S.C. § 16(b), when incorporated into United States Sentencing Guidelines § 2L1.2(b)(1)(C), is unconstitutionally vague on its face in light of *Johnson*, 135 S. Ct. 2551, in which the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was struck down by the Supreme Court as unconstitutionally vague.

1

Ultimately, the Magistrate Judge correctly notes in his R&R that Rodriguez-Ramirez was not sentenced pursuant to the residual clause in 18 U.S.C. § 16(b). Docket No. 5 at 5. Therefore, regardless of the constitutionality of 18 U.S.C. § 16(b), Rodriguez-Ramirez presents no valid claim for § 2255 relief under *Johnson*. Instead, Rodriguez-Ramirez was sentenced pursuant to U.S.S.G. §§ 2L1.2(a), 2L1.2(b)(1)(A)(vii), 4A1.1(a), and 4A1.2(k)(1), none of which contain or incorporate any clauses resembling the one found to be unconstitutionally vague in *Johnson*. Moreover, because Rodriguez-Ramirez's enhancement was based on his prior alien smuggling offense, explicitly listed under § 2L1.2(b)(1)(A)(vii), Rodriguez-Ramirez cannot correctly argue that his sentence was enhanced pursuant to a vague clause.

There is no need to stay Rodriguez-Ramirez's § 2255 motion, as the Fifth Circuit issued its en banc opinion in *Gonzalez-Longoria* on August 5, 2016, finding that 18 U.S.C. § 16(b), when incorporated into United States Sentencing Guidelines § 2L1.2(b)(1)(C), is not unconstitutionally vague on its face. *United States v. Gonzalez-Longoria*, No. 15-40041, 2016 WL 4169127 (5th Cir. Aug. 5, 2016). As previously stated, however, the Fifth Circuit's holding does not impact Rodriguez-Ramirez's § 2255 motion because he was not sentenced pursuant to 18 U.S.C. § 16(b), by incorporation or otherwise.

For the foregoing reasons, the Magistrate Judge's Report and Recommendation is **ADOPTED**. It is therefore, **ORDERED, ADJUDGED**, and **DECREED** that Rodriguez-Ramirez's § 2255 Motion, Docket No. 1, is **DISMISSED** with prejudice pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. A certificate of appealability shall not issue.

Signed on this \_\_6th\_\_ day of \_\_September\_\_, 2016

_____
Rolando Olvera
United States District Judge